KALFAS, APPELLANT, *v.* BOARD OF LIQUOR CONTROL, APPELLEE.
(Two cases.)

[Cite as Kalfas v. Board of Liquor Control, 4 Ohio App. 2d 108.]

(Nos. 7235 and 7236—Decided August 13, 1963.)

Mr. *Thomas C. Ward,* for appellant.
Mr. *William B. Saxbe,* attorney general, and Mr. *Duane F. Lantz,* for appellee.

DUFFEY, J. These are appeals from judgments of the Common Pleas Court of Franklin County on appeals from the Board of Liquor Control. The cases were consolidated for briefing, argument and decision.

Appellant operated a restaurant and club in Parma, Ohio. He had applied in his own name and had been issued a D-5 permit. The permit premises were owned by appellant's mother. On January 18, 1957, a corporation was formed. Appellant's mother deeded land, including the permit premises, to the corporation in payment of the stock, whereupon the corporation became the landlord and the appellant the tenant. All stock was issued in the name of appellant. At the time in question here, he owned all the stock of the corporation and was its president. Appellant held the premises on a month-to-month lease from the corporation.

Sometime prior to September 26, 1960, the corporation gave an option to Phillips Petroleum Company to purchase the land. The option was exercised on that date. The contract of sale excepted the building and required its removal within 30

days after the filing of the deed. The deed was not filed and appellant therefore continued operations. On November 30, 1960, he properly applied for renewal of his permit which was due to expire December 18, 1960. The department took no action at that time, and appellant therefore continued in business pursuant to Section 4303.271, Revised Code (an existing permit shall continue in effect until such application is approved or rejected).

On March 14, 1961, appellant ceased business and forwarded his permit to the department for "safekeeping" under Section 4303.272, Revised Code. On the record, it is clear that this was in anticipation of the Phillips Petroleum Company taking over the premises. Phillips filed its deed on March 16, 1961. The department took no action on the "safekeeping" at that time.

On July 28, 1961, the department rejected the application for renewal on the stated ground that appellant no longer had tenancy rights and had not operated since March 14, 1961. Appellant appealed to the Board of Liquor Control. Some three months later, on November 6, 1961, and while the appeal was pending, the department rejected the application for safekeeping. Appellant also appealed this rejection to the board. Since another renewal date was approaching, appellant filed an application on December 5, 1961, for renewal for the next succeeding year 1961-62. On February 9, 1962, the board ruled on both appeals. On the application for renewal the board's order states, in part:

"This cause coming on for hearing on an appeal of Frank J. Kalfas, 7494 Broadview Road, Parma 31, Ohio, from an order of the Director of Liquor Control rejecting an application for reissuance of a Class D-5 permit, was submitted to the Board of Liquor Control on the evidence and on consideration thereof said board finds that the appellant is not the owner or operator of a night club at the proposed location, and that by reason thereof is not entitled to the reissuance of a Class D-5 permit."

On the application for safekeeping the board's order states in part:

"This cause coming on for hearing on an appeal of Frank

J. Kalfas, 7494 Broadview Road, Parma 31, Ohio, from the refusal of the Department of Liquor Control to accept the within Class D-5 permit, Certificate No. 238828, for departmental safekeeping, was submitted to the Board of Liquor Control on the evidence, and on consideration thereof the board finds that the appellant's loss of tenancy rights to the premises located at 7494 Broadview Road, Parma, Ohio, was not involuntary, consequently disqualifying the permit for safekeeping under the provisions of Section 4303.272 of the Revised Code of Ohio, and that by reason thereof the within appeal should be denied.''

As the Attorney General has conceded in his brief, if appellant was entitled to safekeeping, the reason given for refusing to renew (nonoperation) is not a valid basis of refusal. Therefore, the first question presented is appellant's right to safekeeping.

Section 4303.272, Revised Code (126 Ohio Laws 46), provides in part:

''Any permit holder whose permit premises are destroyed or made unusable for [by] any cause such as fire, explosion, or other disaster, or by an act of God, or whose tenancy is lost or whose premises are appropriated or condemned by the exercise of eminent domain, shall deliver to the department of liquor control for safekeeping the said permit until such time as the original permit premises are made available for occupancy or new premises secured by the permit holder.

''During the period of time that a permit is held in safekeeping by the department, the permit holder shall be allowed to transfer the permit to other premises, subject to the provisions of Chapters 4301. and 4303. of the Revised Code.''

The first and third categories in the statute contain a common factor of an outside force, *i. e.*, casualty or governmental action. It is, therefore, plausible to argue that the word, ''lost,'' as used in reference to tenancy, should be narrowly interpreted to mean an involuntary loss of rights. Assuming this for the purpose of discussion, the fact remains that appellant was a tenant of the corporation and that the corporation did terminate the tenancy. Thus, it is apparent that appellant complies with the literal provisions of the statute. However, the Attorney General contends that in this case the corporation

and the individual should be treated as one person. As it is stated in the brief, the contention is that the court should "pierce the corporate veil."

The landlord and tenant relationship, which admittedly existed in this case, is one which is fully recognized by the law of property and tort, as well as for most other legal purposes. The Legislature was well aware of the age-old doctrines of corporation law, yet no attempt was made in the statute to distinguish a tenancy such as here from any other tenancy. The failure of the Legislature to make such a distinction seems significant to us. It suggests that no intent existed to change the general operation of corporation law. Of course, where some fraudulent or some other improper purpose is attempted, the court will look through the corporate structure. The most obvious case is where an illegal purpose is to be accomplished. No illegal purpose has been suggested in this case. Another possibility would be an attempt to avoid some basic policy inherent in the liquor laws. In that regard, the right to safekeeping does not affect the necessity that appellant qualify for the transfer of his permit from the original premises to another location. The transfer is controlled by other provisions of the law which remain applicable to appellant. It is also clear that if he had applied for a transfer before the loss of his tenancy, the question would be merely one of qualifying under the applicable statutes and regulations. As noted, he must still so qualify. Thus, there is no illegal purpose to be accomplished, and we see no improper attempt to avoid the basic policies of the liquor laws. We, therefore, find no reason to treat the transaction in this case in any manner other than as it would be treated under general law.

Our interpretation is reinforced by the recent amendment to the controlling statute, Section 4303.272, Revised Code. The amendment is effective September 30, 1963, and is applicable to all pending cases before the board or any court.

In the supplemental brief in this court, the Attorney General presents a theory not raised in the trial court nor in his principal briefs before this court. Under the statute, only one renewal is permitted during the period of safekeeping. We think it obvious that the first application for renewal in this case, which was presented long prior to the safekeeping request

and which covered a renewal date commencing before that request, is not relevant to the application of the statutory prohibition. The third paragraph of the statute specifically refers to the ''expiration date'' of the permit, not the date that the department eventually approves or rejects renewal. The department is not entitled to accumulate renewal requests by simply failing to act upon them. In our opinion, the renewal referred to in the statute is a renewal required within the safekeeping period. Further, we do not consider that appellee is entitled to raise such an issue at this time. See *Republic Steel Corp.* v. *Board of Revision of Cuyahoga County* (1963), 175 Ohio St. 179.

Having concluded that appellant was entitled to safekeeping under Section 4303.272, Revised Code, it follows that the basis for refusal to renew is also invalid.

The judgments of the Common Pleas Court and the orders of the Board of Liquor Control are reversed and the causes are remanded.

*Judgments reversed.*

DUFFY, P. J., and BRYANT, J., concur.